**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-05-043-RAW** |
| | ) | |
| **JIMMY C. CHISUM,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the Court is the motion of the defendant to reconsider. The pertinent

background to defendant's convictions is set forth in *United States v. Chisum,* 502 F.3d 1237

(10th Cir.2007), *cert. denied,* 552 U.S. 1211 (2008). Defendant subsequently filed a motion

pursuant to 28 U.S.C. §2255, which this court denied. On appeal, the Tenth Circuit denied

a certificate of appealability and dismissed. *See United States v. Chisum,* 343 Fed.Appx.

335 (10th Cir.2009). On May 18, 2012, the court denied defendant's motion for writ of

*coram nobis.*

Plaintiff calls his present motion one of *coram vobis[1].* He reiterates the same

arguments this court and the Tenth Circuit have rejected before. The Seventh Circuit holds

that a coram vobis motion in a criminal case may be treated as one under §2255. *Melton v.*

*United States,* 359 F.3d 855 (7th Cir.2004). If so treated, the present motion is untimely. In

the court's previous order (addressing the coram nobis motion) the court ruled that, as a

---

[1]"Coram nobis is a writ of ancient common law origin, as is the related (and seldom used) writ of coram vobis." *Puente v. United States,* 676 F.2d 141, 145 n.2 (5th Cir.1982).

common law writ, no statutory time period was applicable[2]. The court declines to rule the motion untimely, but instead denies the motion on the merits.

The court will not enter a separate judgment because *coram vobis* is the continuation of a criminal proceeding, whereas habeas corpus is the initiation of a separate civil proceeding. *Cf. United States v. Morgan,* 346 U.S. 502, 506 (1954).

It is the order of the court that the motion of the defendant to reconsider (#185) is hereby DENIED.

**ORDERED THIS 18th DAY OF JANUARY, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[2]The doctrine of laches might apply in certain circumstances, but the court declines to invoke that doctrine here.